IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAVAD BOROUMANDNIA PETITIONER
A 221-348-753

V. Civil Case No. 5:26-cv-691-DCB-BWR

WARDEN, ADAMS COUNTY RESPONDENTS
CORRECTIONAL CENTER, ET AL.

ORDER

Before the Court is the Report and Recommendation ("Report") [ECF No. 10] entered on October 5, 2026, by Magistrate Judge Rath on the Petition [ECF No. 1] for habeas corpus relief filed by Javad Boroumandnia. See 28 U.S.C. § 2241. In the Report [ECF No. 10], Judge Rath recommended that the Petition [ECF No. 1] be dismissed because Petitioner is subject to detention without bond under 8 U.S.C. § 1225(b)(1), and his detention during his removal proceedings is constitutionally permissible. Report [ECF No. 10] at 1. Objections to the Report were due by October 19, 2026. See Fed. R. Civ. P. 72(b)(2).

In an effort to extend leniency to Petitioner for allegedly slow mail delivery within the Adams County Correctional Center, about which several petitioners have complained, the Court has waited several additional weeks before considering the Report. See e.g., Letter [ECF No. 14-1], Conteh v. Warden, No. 5:26cv359-DCB-BWR (S.D. Miss. Oct. 19, 2026) (Report entered Sept. 29, 2026,

and received by petitioner on Oct. 12, 2026); Mot. [ECF No. 21], Ntuchu v. Warden, No. 5:26cv101-DCB-BWR (S.D. Miss. Oct. 16, 2026) (Report entered Sept. 15, 2026, and received by petitioner on Oct. 1, 2026).

Petitioner, who is proceeding pro se, did not file specific objections to the Report. However, after entry of the Report, he did make two filings that replied to the government's Response to his Petition. See [ECF Nos. 11, 12] (both filed on October 19, 2026).

After Judge Rath issued his Report, the Fifth Circuit Court of Appeals released an en banc opinion in Sosnava Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc). Based on the Sosnava Rodriguez decision, the Court finds that Petitioner's detention while his removal proceedings are ongoing is statutorily mandated and does not violate the Due Process Clause of the Fifth Amendment. Accordingly, the Petition [ECF No. 1] is denied.

## I. Standard of Review

In an abundance of caution, the Court will construe Petitioner's Replies [ECF Nos. 11, 12] as objections to the Report. When a party objects to a Report and Recommendation, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Gust, 921 F.2d 620, 623 (5th Cir. 1991) (party is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. However, the Court is not required to make new findings of fact to conduct a de novo review, Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000), nor is it required to "reiterate the findings and conclusions of the magistrate judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider "[f]rivolous, conclusive or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. Edmond v. Collins, 8 F.3d 290, 293 (5th Cir. 1993).

## II. Background

Boroumandnia, a native and citizen of Iran, illegally entered the United States at or near San Ysidro, California on November 8, 2024. Notice [ECF No. 8-1]. That same day, Petitioner was encountered by immigration authorities, detained, and processed for expedited removal. Pet. [ECF No. 1] at 4; [ECF No. 1-1] at 3. After expressing a credible fear of returning to Iran, he was placed in standard removal proceedings. [ECF No. 8-2]. Following

various hearings and decisions, Petitioner appealed an unfavorable decision to the Board of Immigration Appeals ("BIA") May 19, 2026. According to the Executive Office for Immigration Review's ("EOIR's") Automated Case Information portal, Petitioner's BIA appeal remains pending. See EOIR, Automated Case Information, https://acis.eoir.justice.gov/en (last visited Nov. 20, 2026). However, the Report states that the EOIR's case information shows that the BIA remanded, removal was again ordered on August 27, 2026, and Petitioner filed another appeal to the BIA on September 8, 2026. [ECF No. 10] at 2. At this juncture, Boroumandnia has been held continuously in immigration detention for just over two years.

III. Claims

On July 31, 2026, Petitioner, proceeding pro se, filed his § 2241 Petition. Boroumandnia seeks immediate release and claims that his detention is prolonged and without a meaningful bond hearing in violation of the Due Process Clause of the Fifth Amendment. [ECF No. 1-1] at 2, 11. He also alleges that his "prolonged detention has caused substantial physical deterioration, emotional suffering, psychological harm, and financial devastation" to him and his family. Id. at 2. In his Reply [ECF No. 12], he reiterates his prolonged detention claim, asserts that his § 1225(b)(2)(A) detention violates the due process

clause of the Fifth Amendment, and points to cases outside this District where courts have granted relief. He also argues that his pursuit of legal review should not, standing alone, establish that continued physical confinement is necessary. These arguments merely re-urge those made in his original petition, thus Petitioner has failed to raise a factual objection to the Report. Edmond, 8 F.3d at 293.

A. Bond Hearing

As an initial matter, case law in this Circuit has made clear that Petitioner has no statutory right to a bond hearing. See Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026). Petitioner acknowledges that he was placed in custody pursuant to 8 U.S.C. § 1225(b)(2)(A), which mandates that "an alien seeking admission [who] is not clearly and beyond a doubt entitled to be admitted . . . shall be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A). See Reply [ECF No. 12] at 3. The Fifth Circuit held in Buenrostro-Mendez that the definition of "applicants for admission" under § 1225 applies not only to aliens encountered at the border, but extends to aliens residing in the United States who have never been lawfully admitted. 166 F.4th at 499, 502. Thus, Petitioner, detained under § 1225(b)(2)(A) the same day he crossed the border, has no statutory right to a bond hearing. And nothing in the text of § 1225(b)(2)(A) imposes a

limit on the length of detention. See Jennings v. Rodriguez, 583 U.S. 281, 297-303 (2018). Accordingly, this claim is dismissed.

B. Detention During Removal Proceedings

Petitioner also urges that his detention without a bond hearing violates his rights under the Fifth Amendment's Due Process Clause, even if § 1225(b)(2)(A) does not require any such hearing before imposing detention. The Fifth Circuit firmly rejected this argument in the en banc opinion of Sosnava Rodriguez, 2026 WL 3181188, at *1, issued after Judge Rath entered his Report and Petitioner filed his Replies. "Because Petitioner[] ha[s] never been admitted to the United States, due process does not entitle [him] to additional proceedings beyond what Congress has provided before [he] may be detained pending removal." Id. at *5. "And even granting that such a challenge is possible, the facts Petitioner[] seek[s] to prove at [his] bond hearing[] are irrelevant to detention under § 1225(b)(2)(A), such that the absence of those hearings did not render [his] detention constitutionally defective." Id.

To the extent that Petitioner argues that sister district courts within the Fifth Circuit have granted relief to § 2241 petitioners on this issue, that argument is unpersuasive. The decisions on which Petitioner relies were issued prior to Sosnava Rodriguez. And, more importantly, "[t]his court is duty bound .

. . to follow Fifth Circuit precedent as it is written[.]”. See, e.g., Miss. ex rel. Hood v. Entergy Miss., Inc., 2012 WL 3704935, *7 n. 6 (S.D. Miss. Aug. 25, 2012).

Following the Fifth Circuit’s guidance, Petitioner’s detention does not violate either procedural or substantive due process. “[P]rocedural due process does not require bond hearings centered on assessing dangerousness and flight risk in the context of § 1225(b)(2)(A).” Sosnava Rodriguez, 2026 WL 3181188, at *7. “An alien is either ‘clearly and beyond a doubt entitled to be admitted’ or not. If not, he may be detained pending removal proceedings.” Id. Petitioner “do[es] not assert that the process [he] received was insufficient to prove that [he was] ‘entitled to be admitted,’ and any determinations made at [a] bond hearing [] imposed by the district court [] would be irrelevant to the lawfulness of Petitioner[’s] detention under § 1225(b)(2)(A).” Id. “Indeed, the Supreme Court has repeatedly made clear that Congress may mandate detention for certain classes of aliens without individual determinations of the type Petitioner[] seek[s].” Id. at *8 (emphasis in original) (referencing Demore v. Kim, 538 U.S. 510 (2003); Reno v. Flores, 507 U.S. 292, 314 n.9 (1993), and Carlson v. Landon, 342 U.S. 524, 543 (1952)).

Turning to the question of substantive due process, Sosnava Rodriguez determined that Petitioner’s detention does not violate

his substantive due process rights. To prevail on such a claim, Petitioner must show that he had a protected liberty interest in freedom from custody. Sosnava Rodriguez, 2026 WL 3181188, at *9. "Correctly viewed, Petitioner[] seek[s] to vindicate an unenumerated liberty interest." Id. at *11. "Any assertion of a fundamental right to freedom from custody pending removal proceedings fails." Id. "Detention during removal proceedings is a constitutionally permissible part of that process." Demore, 538 U.S. at 531. "[A]ny right to seek release pending removal proceedings is not 'objectively, deeply rooted in this Nation's history and tradition,' and cannot be a substantive due process right." Sosnava Rodriguez, 2026 WL 3181188, at *11 (quoting Washington v. Glucksberg, 521 U.S. 702, 720-21 (1997)).

Assuming, for the sake of argument, that Petitioner desires to "vindicate an unqualified interest in physical liberty, even after conceding that [he is] not entitled to admission into the country, Petitioner[] would need to demonstrate that the substantive determinations leading to detention under § 1225(b)(2)(A) are inadequate to justify detention 'at all, no matter what process is provided.'" Id. at *12 (emphasis in original) (quoting Flores, 507 U.S. at 302). Petitioner has failed to do so, and thus, this claim is dismissed.

C. “Prolonged Detention” Claim

In his Reply [ECF No. 12], Petitioner expands upon his prolonged detention claim and asserts that his detention is prolonged such that it violates the Fifth Amendment’s Due Process Clause as applied to him. The Supreme Court faced the question of prolonged detention in Zadvydas v. Davis, where the petitioner’s removal was “no longer practically attainable” such that continued detention did not serve its purported immigration purpose. 533 U.S. 678, 701 (2001). There is nothing before the Court that demonstrates that Petitioner’s removal is “no longer practically attainable.” Furthermore, “[t]he rule has been clear for decades: ‘[d]etention during deportation proceedings [i]s . . . constitutionally valid.’” Banyee v. Garland, 115 F.4th 928, 933-34 (8th Cir. 2024) (citations omitted). The Fifth Circuit touched on this issue in Sosnava Rodriguez. “So long as an alien's detention pending removal ‘ha[s] a definite termination point’—removal or release—his or her continued confinement without bond hearing does not offend due process.” Sosnava Rodriguez, 2026 WL 3181188, at *13 (quoting Banyee v. Garland, 115 F.4th 928, 933-34 (8th Cir. 2024) (citing Demore, 538 U.S. at 529)).

Nevertheless, the Fifth Circuit stated that it “d[id] not dismiss the idea that distinct due process questions might arise” if a petitioner’s “detention no longer served its immigration

purpose or if" the petitioner's "removal proceedings were used as a façade 'to incarcerate [] for other reasons.'" Id. (quoting Demore, 538 U.S. at 533 (Kennedy, J., concurring) and Banyee, 115 F.4th at 934). The Fifth Circuit "d[id] not address those questions" because the Sosnava Rodriguez petitioners did "not challenge[] the duration of their detention as unconstitutional; nor . . . assert[] that their removal [was] 'no longer practically attainable.'" Id. (quoting Zadvydas, 533 U.S. at 690).

Even so, the Fifth Circuit pointed to Justice Kennedy's concurrence in Demore and the Eighth Circuit Court of Appeals' decision in Banyee as guidance for determining what constitutes a façade to incarcerate for reasons other than removal. Id. In his Demore concurrence, Justice Kennedy opined that, "[w]ere there to be an unreasonable delay by the INS in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons." Demore, 538 U.S. at 532-33 (Kennedy, J., concurring). In Banyee, the Eighth Circuit concluded that a detainee's year-long, pre-removal detention did not violate the Fifth Amendment's Due Process Clause where there had been no "'dilatory tactics' by either side," but "back and forth rulings, plus general administrative backlogs, were to blame for [the

petitioner's] lengthy detention." Banyee, 115 F.4th at 934.

In sum, the length of Petitioner' detention does not determine its legality. Id. at 932. "The why . . . is more important than how long." Id. (emphasis in original). Petitioner has not alleged, nor provided evidence, that his removal proceedings are a façade to detain him for reasons other than his removal. To be sure, Petitioner has appealed his case to the BIA, and the BIA has remanded it for hearings on multiple occasions. In addition, that Petitioner's detention is lengthened due to "general administrative backlogs" does not prove unconstitutional punishment. In just the last five years, immigration cases have increased 104%, from 1,694,255 cases in 2021 to 3,469,569 in the third quarter of 2026. See EOIR Adjudication Statistics, Dep't of Just. (last updated July 24, 2026).

D. Conditions of Confinement Claim

Finally, Petitioner argues that his prolonged confinement has had a detrimental effect on his physical, emotional, and psychological well-being. As Judge Rath found, any conditions of confinement claims asserted by Petitioner are not cognizable in a § 2241 habeas action. See Boyle v. Wilson 814 F. App'x 881, 882 (5th Cir. 2020) (holding that conditions of confinement claims are not properly brought in a § 2241 habeas petition).

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that the Petition [ECF No. 1] is dismissed without prejudice because Petitioner's detention while his removal proceedings are ongoing is statutorily mandated and does not violate the Fifth Amendment's Due Process Clause. Consequently, the Report [ECF No. 10], as amplified by Sosnava Rodriguez, 2026 WL 3181188, at *1, is adopted as the opinion of this Court. A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this 20th day of November, 2026.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE